UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2015 APR -9 PM 2: 35
U.S. DIST.
MIDDLE DISTRICT
ORLANDO

KATIE COX,

    Plaintiff,

-vs-                                  Case No.: 6-15-cv-579-ORL-40KRS

CREDIT ONE BANK, N.A.

    Defendant.

_____/

## COMPLAINT

Plaintiff, KATIE COX, by and through her undersigned counsel, sues the Defendant, CREDIT ONE BANK N.A., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers

1

another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6. The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

8. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

9. Plaintiff is an "alleged debtor."

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, CREDIT ONE BANK, N.A., is a business entity with its principal place of business at 585 Pilot Road, Las Vegas, Nevada 89119 and conducting business in the State of Florida.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. In approximately the spring of 2014, Plaintiff took out a credit card with CREDIT ONE BANK, N.A.

14. In approximately November of 2014, CREDIT ONE BANK, N.A. began making numerous calls to the Plaintiff on her cell phone (407-XXX-7018) in an attempt to collect the debt.

15. In early December of 2014, Plaintiff told CREDIT ONE BANK, N.A. to stop calling her and that she would send payment when she was able to. Despite Plaintiff's clear instruction to Defendant to stop calling her, the telephone calls continued.

16. On March 26, 2015, Plaintiff spoke to "Nathania," an agent of CREDIT ONE BANK, N.A. and again requested that Defendant stop calling her. The calls continued.

17. While Plaintiff did not keep contemporaneous detailed records of all the autodialer calls made by CREDIT ONE BANK, N.A. to Plaintiff's cellular telephone number, attached hereto as Exhibit "A" is a list of some of the calls to Plaintiff's cellular telephone from CREDIT ONE BANK, N.A. between January 19, 2015 and March 26, 2015 showing 62 calls during that time frame.

18. CREDIT ONE BANK, N.A. attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. CREDIT ONE BANK, N.A. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day (6 times in January 28, 2015), and on back to back days, with such frequency as can reasonably be expected to harass.

20. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention. Some of the calls made by CREDIT ONE BANK, N.A. to Plaintiff's cellular telephone resulted in Plaintiff answering the calls and being told by an automated voice to "Please wait for the next available representative."

21. Each call CREDIT ONE BANK, N.A. made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. Each call CREDIT ONE BANK, N.A. made to the Plaintiff's cell phone after Plaintiff's revocation of consent was done so without the "express permission" of the Plaintiff.

23. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

24. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CREDIT ONE BANK, N.A., to remove her number.

25. CREDIT ONE BANK, N.A.'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals instructing CREDIT ONE BANK, N.A. to stop calling.

26. The autodialer calls from Defendant came from telephone numbers, including but not limited to, 321-684-4304, 321-428-2088, 321-549-0024, 720-580-0310, 408-338-0570, 206-519-6609 ; and when those numbers are called, an automated voice answers and identifies itself as "CREDIT ONE BANK, N.A.".

27. CREDIT ONE BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

28. CREDIT ONE BANK, N.A. has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

29. CREDIT ONE BANK, N.A.'s corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30. Plaintiff did clearly revoked her consent to be called in several occasions and did not expressly consent to CREDIT ONE BANK, N.A.'s placement of telephone calls to Plaintiff's

cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CREDIT ONE BANK, N.A.'s placement of the calls.

31. None of CREDIT ONE BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. CREDIT ONE BANK, N.A. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff incorporates Paragraphs 1 through 32 above.

34. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant to stop calling Plaintiff.

35. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant to stop calling Plaintiff.

36. CREDIT ONE BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37. Plaintiff incorporates Paragraphs 1 through 32 above.

38. At all times relevant to this action CREDIT ONE BANK, N.A. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. CREDIT ONE BANK, N.A. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

40. CREDIT ONE BANK, N.A. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. When Plaintiff asked the Defendant to stop calling, the representative for the Defendant stated "Can't you borrow the money from someone?"

41. CREDIT ONE BANK, N.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Tav Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com